**UNITED STATES, Appellee,**

v.

**Kevin B. DONEY, Sergeant, U.S. Air Force, Appellant.**

**No. 30,213.**

U. S. Court of Military Appeals.

Sept. 26, 1975.

*Colonel William E. Cordingly, Colonel Jerry E. Conner,* and *Major Bruce R. Houston* were on the pleadings for Appellant, Accused.

*Colonel C. F. Bennett* and *Captain Frederick P. Waite* were on the pleadings for Appellee, United States.

OPINION OF THE COURT

PER CURIAM:

A barracks inspection conducted by Chief Master Sergeant Smith in anticipation of a visit by a senior Air Force commander led to the discovery of evidence which formed the basis for a subsequent contraband search by the Air Force Office of Special Investigations. Primarily relying upon Sergeant Smith's testimony, the Government subsequently prosecuted Sergeant Doney for violation of a lawful general regulation by possessing marihuana and amphetamines as well as willful disobedience of an order issued by Sergeant Smith "to clean up [your] room by 7:00 o'clock tomorrow morning."[1]

During the course of his cross-examination of Sergeant Smith, the trial defense counsel attempted to elicit evidence that Sergeant Smith previously had intimated to Staff Sergeant Witt that he would like to see Sergeant Doney "fried" or "taken care of." Sergeant Smith vehemently denied making any such statement. Sergeant Witt later was called by the defense to testify that Sergeant Smith had told him appellant "was smart but he was going to get him."

In excluding the testimony of Sergeant Witt, the trial judge ruled that the defense had not produced "any evidence to the effect that the witness, Sergeant Smith, was lying with respect to any of the material issues to which he testified." The propriety of the judge's ruling excluding this evidence forms the basis for this appeal.

The Government properly concedes that the trial judge's refusal to permit the defense counsel to develop the issue of bias was error. Paragraph 153b(2)(d), Manual for Courts-Martial, United States, 1969 (Rev.); *United States v. Streeter*, 22 C.M.R. 363 (A.B.R.1956); cf. *United States v. Kauth*, 11 U.S.C.M.A. 261, 265, 29 C.M.R.

77, 81 (1960); *United States v. Thompson*, 25 C.M.R. 806, 810 (A.F.B.R.1957).[2]

■ While we believe a trial judge must be afforded ample discretion to determine the degree of foundation, if any, which must precede the introduction of independent evidence tending to demonstrate bias,[3] we are constrained to hold in this instance that the judge exceeded his discretion in requiring extrinsic evidence of perjury as a condition precedent to defense counsel's utilization of independent evidence which tended to demonstrate the prosecution witness' bias. See Annot., 87 A.L.R.2d 407 (1963). It is axiomatic that a witness may be biased without necessarily being false in his testimony. That is to say, a witness' feelings towards the participants in the litigation may incline him to slant his mental outlook or recollection of the events but will not necessarily compel him to be untruthful. Thus, it would be placing the proverbial cart before the horse to require a showing of falsity before permitting a showing of bias.

■ Because the issue of bias materially affects the jury's ultimate resolution of the credibility of the various witnesses as well as the sufficiency of the Government's proof, trial judges should afford all parties concerned broad leeway to develop and exhaust all avenues which may tend to indicate an interest or bias on the part of a given witness. *Blumhoff v. State*, 72 Okl.Cr. 339, 116 P.2d 212 (1941). Inasmuch as Sergeant Smith's testimony was the linchpin of the prosecution's case with respect to the drug offenses and the disobedience charge, those findings cannot be sustained. Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a).

The decision of the U.S. Air Force Court of Military Review is reversed. The record of trial is returned to the Judge Advocate General of the Air Force for remand to the

---

1. Sergeant Doney was also charged with and found guilty of absence without authority; however, Sergeant Smith's testimony was not utilized to establish this offense.

2. *See generally* Wharton, Criminal Evidence §§ 436, 461 (13th ed. 1972); H. Underhill, Criminal Evidence § 246 (5th ed. 1956).

3. *State v. Mahmood*, 158 Conn. 536, 265 A.2d 83 (1969).

Court of Military Review. In its discretion, the court may set aside and dismiss the affected charges and reassess the sentence, or a rehearing may be ordered.