UNITED STATES

v.

**Stephen Frank MARTINEZ, 308 66 8395, Storekeeper Seaman (E–3), U. S. Navy.**

NCM 77 0782.

U. S. Navy Court of Military Review.

Sentence Adjudged 8 Dec. 1976.

Decided 13 Oct. 1977.

LT Philip G. Cohen, JAGC, USNR, Appellate Defense Counsel.

CAPT Geoffrey D. Fallon, USMCR, Appellate Government Counsel.

Before NEWTON, GLADIS and GRANGER, JJ.

NEWTON, Senior Judge:

Seaman Martinez is convicted of the unauthorized sale of two Navy life rafts to a petty officer, in violation of Article 108, Uniform Code of Military Justice, 10 U.S.C. § 908. Martinez admitted commission of the offense, but denied criminal guilt by insisting that he had been entrapped by the petty officer, a Government agent—that is, he would not have taken the two life rafts from a warehouse except for the continued pressure from the petty officer to do so over a period of several weeks. The petty officer was a Government informant with drug charges pending against him. He maintained that he had not, at any time, pressured Martinez to commit the offense. Rather, he states he had merely afforded the opportunity for Martinez to continue a course of criminal action upon which he was already embarked—unlawfully taking goods from a warehouse.

To show Martinez's predisposition to commit the offense charged, the Government was allowed to introduce evidence that previously Martinez unlawfully took a partly filled can of engine oil, three cans of deodorant spray, eight steaks and a piece of plywood, all United States property. Those items appear to have been given to a female sailor over the course of the previous year. The oil was used in her car. The plywood was rescued from a trash pile by Martinez. The wood had several nail holes in it and was dirty. The value of all the previously obtained property was negligible.

Essentially, this case turns on the credibility to be afforded to the petty officer informant and to the appellant—which one to believe as to the entrapment issue.

The petty officer testified he had only spoken to Martinez twice about obtaining the life rafts. On cross-examination he indicated he could have mentioned the rafts to Martinez at other times. The petty officer was highly regarded by investigative agents as to the quality of his undercover work. Yet, he had not commenced such work until after his apprehension for drug offenses. The petty officer's testimony (R. 34) was equivocal when he was asked on cross-examination whether he had offered his roommate B a motorcycle, if B would take the blame for the drug charges and thereby exculpate the informant.

The defense contention at trial was that the petty officer enticed Martinez into a criminal act to obtain credit for another arrest, in order to enhance his record and avoid punishment for the alleged drug offenses. From that premise it was reasoned that the petty officer originated the criminal design and implanted the disposition to commit the offense in Martinez's mind, thus inducing its commission by an otherwise innocent sailor. Martinez maintained steadfastly that he would not have committed the crime but for the pressure from the informant to do so.

■ The informant's roommate, B, testified as a defense witness. The military judge refused to allow that witness to testify as to the informant's offer of a motorcycle if B took the blame for the drug offenses. That ruling by the trial judge is considered erroneous. The error is considered to have resulted in substantial prejudice to the appellant.

■ Any witness other than the accused may, on cross-examination, be questioned concerning commission by him of an offense affecting his credibility if the questioner has possession of facts supporting a genuine belief that the witness has committed the offense referred to in the questioning. An answer denying commission of such an offense may be contradicted by other evidence if the contradicting evidence is admissible without regard to the answer. Matters showing prejudice, bias, or any motive to misrepresent may be shown to diminish the credibility of the witness by evidence otherwise adduced. MCM, 1969 (Rev.), para. 153b(2)(b) and 153b(2)(d). The information sought to be introduced by the defense was admissible under the *Manual* rules relating to the credibility of witnesses.

The issue of the informant's possible bias materially affects the ultimate resolution of the credibility of the informant as a Government witness, as well as the sufficiency of the Government's proof. Trial judges should afford all parties broad leeway to develop and exhaust all avenues which may tend to indicate an interest or bias on the part of a given witness. The informant's testimony as to the entrapment issue was the linchpin of the prosecution's case. The informant's potential bias or interest in Martinez's conviction is shown by indications of his desire to be a good informant and thereby ameliorate the disposition of offenses charged against him. The exclusion of evidence which tended to show whether or not the informant was willing to attempt subornation of perjury, bribe a witness, falsify testimony, and entrap innocent persons was assuredly relevant, material and admissible, both on the issue of credibility of the informant and on the issue of entrapment—whether the criminal design was the Government agent's design or whether it existed in the appellant's mind. Exclusion of that evidence was substantially prejudicial to the appellant because it had a direct bearing on the issue of credibility and the ultimate issue of guilt. Particularly so where, as here, the appellant's predisposition to wrongfully dispose of warehouse goods for profit is not proved with any degree of certainty. The prior acts of misconduct were minor pilferage at most. The credibility of the informant might well have been better determined had the excluded testimony been allowed. *United States v. Doney*, 23 U.S.C.M.A. 562, 50 C.M.R. 781, 1 M.J. 169 (1975); *United States v. Johnson*, 23 U.S.C.M.A. 534, 50 C.M.R. 705, 1 M.J. 152 (1975); *United States v. Garcia*, 23 U.S.C.M.A. 403, 50 C.M.R. 285, 1 M.J. 26 (1975).

Merit is found in appellant's second assignment of error. The appellant was prejudiced by exclusion of B's testimony. Disposition of the second assignment error makes it unnecessary to consider the remaining assignments, which may or may not have merit. Consideration is invited as to those assignments in the event of a rehearing, in order to preclude potential error from recurring.

The findings and sentence are set aside. A rehearing may be ordered.

Judge GLADIS and Judge GRANGER concur.