UNITED STATES

v.

Kenneth Jerome BRINKLEY, 415 90 0649, Aviation Boatswain's Mate Hydraulics Second Class (E–5), U. S. Navy.

NCM 78 1607.

U. S. Navy Court of Military Review.

Sentence Adjudged 19 May 1978.

Decided 6 April 1979.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

CAPT Craig L. Kemmerer, USMCR, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and GREGORY and GLADIS, JJ.

PER CURIAM:

Appellant stands convicted of two violations of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, alleging possession and transfer of marijuana, and one violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, alleging possession of marijuana with intent to distribute it in violation of 21 U.S.C. § 841(a)(1). The sentence as approved on review below provides for a bad-conduct discharge (suspended on probation), confinement at hard labor for 85 days, and reduction to pay grade E–1.

The following alleged errors have been assigned for our consideration:

I. THE MILITARY JUDGE PREJUDICIALLY ERRED IN ALLOWING THE PROSECUTOR, OVER DEFENSE OBJECTION, TO QUESTION THE WITNESS HOLSEY CONCERNING THE CIRCUMSTANCES SURROUNDING THE TERMINATION OF HOLSEY'S EMPLOYMENT BY THE NAVY EXCHANGE.

II. THE EVIDENCE OF RECORD IS INSUFFICIENT TO PROVE APPELLANT GUILTY BEYOND A REASONABLE DOUBT OF ANY BUT THE OFFENSE TO WHICH HE PLEADED GUILTY, *VIZ.* POSSESSION OF 10 BAGS OF MARIJUANA.

III. THE GOVERNMENT FAILED TO OFFER ANY PROOF THAT THE TRANSFER OF MARIJUANA ALLEGED IN SPECIFICATION 2 OF CHARGE I WAS NOT FOR AUTHORIZED MEDICINAL PURPOSES; ACCORDINGLY, THE FINDING OF GUILTY AS TO THIS SPECIFICATION MUST BE SET ASIDE. *SEE* ARTICLE 1151.2, U.S.NAVY REGULATIONS (1973); UNITED STATES V. VERDI, 5 M.J. 330 (C.M.A.1978).

We do not concur in the assignments of error, and we affirm.

I

■ In specification 2 under Charge I, appellant was charged with transferring one bag of marijuana to a civilian employee of the Navy Exchange at Naval Air Station Oceana, Virginia Beach, Virginia. This individual testified as a defense witness and denied receiving a paper bag containing marijuana from appellant. This testimony directly contradicted the testimony of a Government witness who indicated he had observed such a transfer.

On cross-examination, over defense objection, trial counsel was allowed to question this defense witness concerning the termination of his Navy Exchange employment. It was established that this witness had resigned his employment in order to avoid criminal prosecution for stealing sandwiches from the Navy Exchange. The witness denied any wrongdoing in receiving these sandwiches and indicated that he was now attempting to regain his job.

Despite appellant's objections at trial and before this Court, we believe the military judge did not abuse his discretion in allowing this cross-examination of the defense witness. Paragraph 153*b* (2)(b), *Manual for Courts-Martial, United States, 1969* (Revised edition), states that a witness other than the accused may be questioned concerning the witness' commission of an offense which involves moral turpitude or otherwise affects his credibility, even if the witness has not been convicted of the offense. This *Manual* paragraph also indicates that an offense of larceny is one that can be considered as affecting credibility.

The circumstances surrounding the offense allegedly committed by the defense witness would indicate that the evidence would probably not carry a great deal of weight. Nevertheless, we find the evidence to have been admissible. Such evidence was properly considered by the trier of fact. *Cf. United States v. Johnson,* 1 M.J. 152 (C.M.A.1975); *United States v. Martinez,* 4 M.J. 679 (N.C.M.R.1977).

II

■ Appellant argues that the evidence is insufficient to establish appellant's guilt, except as to the lesser included offense under the alleged possession of marijuana to which he entered a plea of guilty. The evidence is in conflict. As indicated previously, a Government witness testified that he observed appellant transferring a bag containing what the witness believed to be marijuana. Appellant was shortly thereafter found in possession of ten other bags of marijuana in the same location where the transfer had allegedly occurred. Appellant and the alleged transferee denied that any transfer of marijuana had taken place, and appellant offered an explanation for his possession of ten bags of marijuana. Appellant indicated that he had found the marijuana in the woods near his work area.

We do not find appellant's explanation for his possession of marijuana to be very convincing. We have considered all of the evidence, much of it circumstantial, and we are convinced that appellant's guilt of all the offenses charged has been established beyond a reasonable doubt. In this regard, we concur with the finding of the military judge who had the benefit of seeing and hearing the witnesses in evaluating their credibility. *See* Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c).

III

■ Citing *United States v. Verdi,* 5 M.J. 330 (C.M.A.1978), appellant contends that

appellant's conviction of the alleged transfer of marijuana must be set aside because the Government failed to establish that the transfer was not "for authorized medicinal purposes." Article 1151, U.S. Navy Regulations, 1973, prohibits, *inter alia,* the transfer of marijuana "except for authorized medicinal purposes."

We believe appellant has read too much into the decision in *Verdi.* In that case, the defense presented some evidence to place the defendant's conduct within the regulatory exception, and the military judge erred in failing to instruct that the Government had the burden of establishing that the exception was inapplicable. In the case *sub judice,* the defense presented no evidence to indicate that the transfer of marijuana was for medicinal purposes and the exception applied. Under these circumstances, the Government did not have the burden of proving that the exception was not applicable. *See United States v. Rizner,* No. 78 1092 (NCMR 25 January 1979); *United States v. Jackson,* No. 78 1210 (NCMR 28 February 1979).

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

DUNBAR, Senior Judge (concurring in the result):

I would note that once again there appears to be serious confusion resulting from a Court of Military Appeals decision. *United States v. Verdi,* 5 M.J. 330 (C.M.A.1978), states specifically:

> The *jury* must be instructed that where an exception is contained within the criminal statute or regulation, the burden of proof is upon the prosecution also to prove that the accused does not fall within the exceptions contained in the statute. [Emphasis supplied].

The Office of the Judge Advocate General publication, *Off the Record,* 1 November 1978, states that the above language from *Verdi* is dictum. It claims this dictum is contrary to prior military law. *United States v. Mallow,* 7 U.S.C.M.A. 116, 21 C.M.R. 242 (1956). *Off the Record* also cites

*United States v. Rosenberg,* 515 F.2d 190, Annot., 33 A.L.R.Fed. 196 (9th Cir. 1975), *cert. denied,* 423 U.S. 1031, 96 S.Ct. 562, 46 L.Ed.2d 404 (1975). Nevertheless, it appears in the *Rosenberg* case that the statute in question had a provision specifically exempting the Government from proving up exceptions contained in the statute. Accordingly, *Rosenberg* is not directly on point. *Rosenberg* also states, "We find nothing wrong with this provision. It is a common provision in criminal statutes that contain many exemptions or exceptions. *Without such a provision the Government would be required to waste valuable court time disproving arguments that a defendant did not and could not conceivably make.*" [Emphasis supplied].

There seems to be no doubt, however, that the military rule has heretofore been that the accused must offer some evidence to bring himself within any exceptions contained in the statute. This is not to say that the burden of proof shifts from the Government. We have emphasized before that the burden of proof *never* shifts in a criminal case. The Government must establish a *prima facie* case against the accused by showing that he violated the statute. At this point, the *burden of going forward with evidence* to indicate the applicability of an exception to the statute shifts to the accused. In my opinion, the military has the preferable rule in requiring the accused to come forward with some evidence indicating that he falls within the exceptions before the burden to disprove the applicability of the exception devolves upon the prosecution. Therefore, I concur in the majority decision.

Of course, once more, we may be headed into the same type of quagmire which resulted from *United States v. Williamson,* 4 M.J. 708 (N.C.M.R.1977), where the majority opinion took the position that affidavits could be used to regenerate an improvident plea. That position was later rejected by the Court of Military Appeals. As a result, many cases foundered procedurally and charges eventually had to be dismissed.

Again, we seem to be sailing at flank speed, in thick fog, with no one on the bridge or helm. If the Court of Military Appeals holds fast to the position that exceptions must be proved up, then many cases will have to be returned to convening authorities. This will result in many charges being dismissed. Moreover, in light of all this, it may be asserted that military judges are under a duty, when an accused pleads guilty, to insure in the providency inquiry that the accused does not come within the exceptions.