**UNITED STATES, Appellee,**

v.

**Thomas J. GRAVES, Private, U. S. Army, Appellant.**

No. 29,425.

U. S. Court of Military Appeals.

June 20, 1975.

*Captain Pete M. Dalmut* argued the cause for Appellant, Accused. With him on the brief were *Colonel Victor A. DeFiori, Major James Kucera,* and *Captain Anthony J. Siano.*

*Captain Richard T. St. Clair* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen,* and *Captain Raymond Michael Ripple.*

## OPINION OF THE COURT

FLETCHER, Chief Judge:

A late evening gasthaus affray during which an individual was stabbed in the chest with a knife precipitated the arrest of Private Graves shortly thereafter by a roving military police patrol. The appellant was taken to the office of Criminal Investigator Price who, after warning him of his right to counsel [1] and his right to remain silent,[2] secured a statement from him in the presence of another investigator and his own company commander, Major Setzer.

In a contested trial, a general court-martial with enlisted members subsequently convicted Private Graves of assault with a dangerous weapon,[3] as a lesser included offense of assault with intent to commit murder [4] upon which the appellant had been arraigned. In reaching their findings, the court members considered a statement made by the appellant to Agent Price in which he admitted taking a knife from his pocket during the melee but denied cutting the victim, maintaining instead that the knife had been kicked from his hand after he displayed it. The accused suggested that the blood on the knife "possibly" was the result of another gasthaus fight in which he had engaged earlier in the evening.

The accused's trial defense counsel objected to the admission of the statement in an out-of-court hearing during the course of the trial.[5] Among other grounds, he maintained that Private Graves was too intoxicated to make a voluntary statement on the evening in question. After hearing conflicting testimony regarding the extent of the appellant's intoxication, the trial judge overruled the defense objection.

When the trial resumed, the military judge admitted the appellant's pretrial statement into evidence. Subsequently, all of the individuals present during the course of the interrogation gave varying accounts of the extent of appellant's intoxication at the time he was questioned. While admitting that he could detect that Private Graves had been drinking prior to the questioning, Agent Price maintained that the appellant was not drunk when he made the statement. Another investigator testified that Private Graves appeared "intoxicated to a great extent, but I wouldn't say drunk." The investigator also remarked that "the only two times [he] could be considered even close to staggering was when he bumped into the wall when he was walking in the hallway."

The testimony of Major Setzer materially differed from that of the investigators. The appellant's commander testified that, as he entered the police station, Private Graves "tried to come to attention, but he couldn't because he was inebriated." At one point during Agent Price's questioning, the accused "stood up against the wall and slid down on the side of the wall." When asked by the trial counsel whether he himself questioned the accused, Major Setzer responded that he "personally felt, after looking at him, that he wasn't in any shape to be asked any questions."

During the closing arguments, both the trial counsel and defense counsel addressed the matter of intoxication as it affected the specific intent to kill and the voluntariness

---

1. *United States v. Tempia,* 16 U.S.C.M.A. 629, 37 C.M.R. 249 (1967).

2. Article 31(b), Uniform Code of Military Justice, 10 U.S.C. § 831(b).

3. Article 128, UCMJ, 10 U.S.C. § 928.

4. Article 134, UCMJ, 10 U.S.C. § 934.

5. Article 39(a), UCMJ, 10 U.S.C. § 839(a).

of the accused's confession; however, the defense counsel subsequently did not request an instruction, and the military judge did not instruct the court members, upon the issue of the effect of intoxication on the voluntariness of the accused's pretrial statement. We granted review to determine whether the military judge erred in failing to instruct sua sponte that: [6]

> [E]ach member of the court, in connection with his deliberation upon the findings of guilt or innocence, should consider the evidence regarding the circumstances under which the statement was obtained with a view to determining whether the statement was voluntary and must disregard the statement entirely as evidence against the accused if he is not convinced beyond a reasonable doubt that it was voluntary.

## I

■ In military practice, the trial judge must make an interlocutory ruling that a proffered confession is voluntary before admitting the statement into evidence.[7] Additionally, if the matter is placed in issue before the jury, the Government must present evidence sufficient to establish, beyond a reasonable doubt, that the inculpatory statement was voluntary. Once the issue is raised, the military judge has a sua sponte duty to instruct the court members to reject the accused's confession in toto if they are not satisfied beyond a reasonable doubt, of the voluntariness of the statement.[8]

■ In asserting that the military judge did not err in failing to give a voluntariness instruction, Government counsel rely upon a corollary to the above principle to the effect that no instruction is necessary where the issue has not been raised by the evidence adduced at trial.[9] Both parties acknowledge that where the sufficiency of jury instructions is contested on appeal, it becomes the duty of the appellate tribunal to review the evidence and make a determination as to whether the trial testimony raised an issue necessitating an instruction.[10]

In suggesting that Private Graves "was not intoxicated to any appreciable extent," Government counsel point to the testimony of the investigators. Further, they argue that appellant's reliance upon Major Setzer's observations is "exaggerated and out of context."

■ The thrust of the major's testimony, if believed, suggests beyond cavil that Private Graves' physical and mental condition was such that he was unable to function as a rational soldier. Major Setzer's description suggests that appellant had far surpassed the "light-headed" stage, a condition we found insufficient to raise an issue of voluntariness in *United States v. Sikorski*.[11] Even the trial counsel apparently believed the issue had been raised for he called a rebuttal witness to testify as to the extent of the appellant's intoxication both at the time of the incident and during his subsequent interview with Agent Price. We believe the facts related by Major Setzer were sufficient to raise the issue.[12]

## II

Left for resolution is the effect of the trial defense counsel's failure to request a

6. Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 140*a* (2).

7. *United States v. Odenweller*, 13 U.S.C.M.A. 71, 32 C.M.R. 71 (1962); *United States v. Gorko*, 12 U.S.C.M.A. 624, 31 C.M.R. 210 (1962).

8. *United States v. Meade*, 20 U.S.C.M.A. 510, 43 C.M.R. 350 (1971); *United States v. Howard*, 18 U.S.C.M.A. 252, 39 C.M.R. 252 (1969).

9. *United States v. Sikorski*, 21 U.S.C.M.A. 345, 45 C.M.R. 119 (1972); *United States v. Attardi*, 20 U.S.C.M.A. 548, 43 C.M.R. 388 (1971); *United States v. Dicario*, 8 U.S.C.M.A. 353, 24 C.M.R. 163 (1957).

10. *United States v. Spivey*, 8 U.S.C.M.A. 712, 25 C.M.R. 216 (1958).

11. 21 U.S.C.M.A. 345, 45 C.M.R. 119 (1972).

12. *United States v. Keller*, 17 U.S.C.M.A. 507, 38 C.M.R. 305 (1968); *United States v. Dison*, 8 U.S.C.M.A. 616, 25 C.M.R. 120 (1958).

voluntariness instruction and the corresponding lack of objection to the instructions actually given by the trial judge. Primarily relying upon *United States v. Meade*,[13] Government counsel note that the trial defense counsel "cautiously avoided" raising the intoxication issue and contend that this Court should invoke the waiver doctrine. In *Meade*, upon questioning of the military judge, the trial defense counsel acknowledged that he did not wish to pursue the confession issue before the jury. There we held that defense counsel waived the voluntariness instruction, and the military judge properly acceded to the waiver. Similarly in *United States v. Sikorski, supra,* we refused to grant relief where appellate defense counsel complained of the giving of an instruction which had been affirmatively requested by trial defense counsel.[14] Unlike those cases, no mention of a voluntariness instruction was made either by counsel or the military judge in the present case. Since we do not share Government counsel's view that trial defense counsel affirmatively avoided raising the issue, we must determine whether his passivity standing alone should be viewed as a waiver of the instruction.[15] Such a determination requires a balancing of the obligations of counsel with those of the trial judge.

■ As we noted in *Meade*, the trial judge's obligation to instruct upon the voluntariness issue arises not from a defense request but from the existence of evidence raising the issue.[16] The passive waiver concept properly has been restricted to actions of trial defense counsel which leave appellate tribunals with insufficient factual development of an issue necessary to resolve a question of law raised on appeal. Those considerations are not present in determining whether a particular instruction should

have been given in this case for the record itself provides the evidence necessary to resolve the question.

■ While we hold that it was error for the military judge not to instruct on the voluntariness issue, our ruling should not be construed as a lessening of the responsibilities of the defense bar to assure that all issues raised during the course of the trial are instructed upon. In addition, the trial counsel whose objective is to seek justice rather than convictions also must share responsibility for assuring that the jury is informed with respect to all issues reasonably raised by the evidence.

■ What we do reject is the notion that the legality of a criminal trial may be measured by the same standards applicable to a game of chance. The trial judge is more than a mere referee, and as such he is required to assure that the accused receives a fair trial.[17] Advocacy leaves the proceedings at the juncture of instructing the court members. Irrespective of the desires of counsel, the military judge must bear the primary responsibility for assuring that the jury properly is instructed on the elements of the offenses raised by the evidence as well as potential defenses and other questions of law. Simply stated, counsel do not frame issues for the jury; that is the duty of the military judge based upon his evaluation of the testimony related by the witnesses during the trial. To the extent that *United States v. Meade, supra,* and our previous decisions are contrary to the views expressed herein, those decisions are overruled and no longer represent the law of this Court.

### III

We are satisfied that appellant's statement to Agent Price was inculpatory inso-

**13.** 20 U.S.C.M.A. 510, 43 C.M.R. 350 (1971).

**14.** *See also United States v. Jones,* 7 U.S.C.M.A. 623, 23 C.M.R. 87 (1957).

**15.** *Cf. United States v. Fisher,* 4 U.S.C.M.A. 152, 15 C.M.R. 152 (1954); *United States v. Dupree,* 1 U.S.C.M.A. 665, 5 C.M.R. 93 (1952).

**16.** *See United States v. Howard, supra.*

**17.** The military judge correctly stated his obligations in his opening remarks to the jury:
> It is my judicial responsibility to assure that this trial is conducted in a fair, orderly, and impartial manner, in accordance with the law.

far as he admitted his propensity to commit violent acts with a knife despite his denial of the actual stabbing.[18] The military judge's failure to instruct on the voluntariness issue permitted the court members to consider the confession without first determining it was freely obtained. Consideration of the appellant's confession under such circumstances was prejudicial error.[19]

The decision of the Court of Military Review is reversed, and the record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judge COOK and Senior Judge FERGUSON concur.

UNITED STATES, Appellee,

18. As the Supreme Court stressed in *Miranda v. Arizona*, 384 U.S. 436, 476, 86 S.Ct. 1602, 1629, 16 L.Ed.2d 694 (1966), "[i]f a statement made were in fact truly exculpatory it would, of course, never be used by the prosecution." *Accord, United States v. Lincoln*, 17 U.S.C. M.A. 330, 38 C.M.R. 128 (1967); *United States v. McCauley*, 17 U.S.C.M.A. 81, 37 C.M.R. 345 (1967).

19. *United States v. Tanner*, 14 U.S.C.M.A. 447, 34 C.M.R. 227 (1964). *See also United States v. Kaiser*, 19 U.S.C.M.A. 104, 41 C.M.R. 104 (1969); *United States v. Anglin*, 18 U.S.C.M.A. 520, 40 C.M.R. 232 (1969); *United States v. Reynolds*, 16 U.S.C.M.A. 403, 37 C.M.R. 23 (1966).