UNITED STATES, Appellee,

v.

Davie L. JOHNSON, Private, U.S. Army, Appellant.

No. 29,183.

U. S. Court of Military Appeals.

Aug. 22, 1975.

---

Captain *Derryl W. Peden* argued the cause for Appellant, Accused. With him on the brief were *Colonel Victor A. DeFiori, Captain Anthony J. Siano,* and *Captain Michael L. Quirk.*

Captain *Gay M. Holmes* argued the cause for Appellee, United States. With her on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen, Captain Raymond Michael Ripple,* and *Captain Keith H. Jung.*

## OPINION OF THE COURT

COOK, Judge:

At his trial by general court-martial, where he was charged with premeditated murder and assault with a means likely to produce grievous bodily harm, the appellant pleaded not guilty. He was found guilty of the lesser included offense of unpremeditated murder and acquitted of the assault charge. He was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for 15 years. The findings and sentence have been approved and affirmed by intermediate reviewing authorities. Upon petition to this Court, a single issue was assigned and argued which presents the question:

WHETHER THE UNITED STATES ARMY COURT OF MILITARY RE-VIEW ERRED IN HOLDING THAT NO ERROR OCCURRED WHEN THE MILITARY JUDGE FAILED TO GIVE A *SUA SPONTE* INSTRUCTION ON THE LESSER INCLUDED OFFENSE OF VOLUNTARY MANSLAUGHTER.

A discussion of the evidence is not required. All parties, as well as the Court of Military Review, are in agreement that the evidence at trial was sufficient to raise voluntary manslaughter as a lesser included offense to the premeditated murder that was charged. Regarding the necessity for giving instructions covering voluntary manslaughter, the Court of Military Review found that the defense, as a trial tactic, affirmatively did not want voluntary manslaughter to be considered by the court-martial. The court reasoned that self-defense being an issue, a defense objection to instructions on manslaughter which was made during an out-of-court hearing arose out of "a fear that putting the manslaughter offenses before the members would dilute the force of a self-defense argument and perhaps result in compromise findings." *United States v. Johnson,* 49 C.M.R. 256, 257 (A.C.M.R.1974).

To test the validity of the court's holding, we turn to the out-of-court hearing. The pertinent part is the following colloquy:

MJ: Very well, Mr. Bellen, do you have any additional requested instructions?

IDC

BELLEN: No, Your Honor.

MJ: Do you have any objections to the instructions I propose to give?

IDC

BELLEN: Just to the instruction on voluntary manslaughter.

MJ: I said I would give an instruction on involuntary manslaughter.

IDC

BELLEN: Oh, involuntary manslaughter.

MJ: Yes, involuntary manslaughter,

IDC

BELLEN: Well, on that one too.

MJ: You object to that instruction?

IDC

BELLEN: Yes, Your Honor.

As is evident from the foregoing, defense counsel did not wish to have instructions on either voluntary manslaughter or involuntary manslaughter. Although the military judge had not proposed to, nor did he later, cover voluntary manslaughter as a lesser included offense, he overruled the defense objection insofar as involuntary manslaughter was concerned and included it in his instructions as a lesser included offense. Furthermore, he covered unpremeditated murder as a lesser included offense.

 While it is true, as remarked by the Court of Military Review, this is not a case in which a *sua sponte* instructional requirement "survived defense silence and passivity on the subject of the instruction," *id.,* it is equally true that the instructions which were given were not in accord with the requests of defense. Although the defense did object to instructions on either form of manslaughter, the military judge rejected the defense position and instructed on involuntary manslaughter as a lesser offense. In light of his action, it is not reasonable to believe the judge omitted instructions on voluntary manslaughter at the request of the defense, as concluded by the Court of Military Review. Possibly, neither the military judge nor counsel recognized that voluntary manslaughter was in issue, but the trial judge's refusal to accept the defense objections demonstrates that he was exercising his own judgment as to the issues to be submitted to the court members, without regard to the wishes of the defense. His decision may not be charged against the appellant.

This Court has long followed and recently affirmed the rule that the primary responsibility for appropriate instructions lies with the military judge. *United States v. Graves,* 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975). This duty the military judge failed to fulfill by his omission of instructions on the lesser included offense of voluntary manslaughter. Therefore, the accused was prejudiced.

The decision of the Court of Military Review is reversed, and the findings of guilty and the sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army for submission to the Court of Military Review. The court, in its discretion, may affirm the lesser offense of voluntary manslaughter and reassess the sentence or provide for a rehearing.

Senior Judge FERGUSON concurs.

Chief Judge FLETCHER did not participate in the decision of this case.