UNITED STATES, Appellee,

v.

**Specialist Four (E4) John R. KOENIG, Jr., SSN 261–23–1596, United States Army, Appellant.**

CM 433167.

U. S. Army Court of Military Review.

13 June 1977.

Colonel Alton H. Harvey, JAGC, Major Richard J. Goddard, JAGC, and Captain Albert T. Berry, JAGC, were on the pleadings for appellant.

Lieutenant Colonel John T. Sherwood, Jr., JAGC, Captain William C. Kirk, JAGC, and Captain Gay M. Holmes, JAGC, were on the pleadings for appellee.

---

Before CLAUSEN, CLAUSE and COSTELLO, Appellate Military Judges.

## OPINION OF THE COURT ON FURTHER REVIEW

### PER CURIAM:

Our former decision of 30 October 1975 was vacated and the case remanded to us by the Court of Military Appeals pending the Court's disposition of the related issues present in *United States v. Courtney*, 1 M.J. 267 (C.M.A.1976); *United States v. Jackson*, 3 M.J. 101 (C.M.A.1977); *United States v. Graves*, 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (A.C.M.R.1976), *affirmed* by Order # 31110, 3 M.J. 186; and *United States v. Mosely*, 1 M.J. 350 (C.M.A.1976).

In *Courtney* the Court of Military Appeals determined that Courtney was denied equal protection of the law because his drug offense was arbitrarily charged as a violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934, rather than as one under Article 92, UCMJ, 10 U.S.C. § 892, for which a lesser maximum punishment is provided. By judicial agreement this Court withheld its disposition of this case pending resolution of the proper application of the *Courtney* decision. *See United States v. Jackson*, 2 M.J. 987 (A.C.M.R.1976).

 By its decision on the appeal of the *Jackson* case, the Court of Military Appeals determined that the rule in *Courtney* should only be applied prospectively, *i. e.* to cases tried after its decision date, July 2, 1976. *United States v. Jackson, supra.* In *Graves, supra,* our decision was affirmed "for the reasons stated in *United States v. Jackson.*" Accordingly, those decisions need not be applied to the instant case.

 The problem posed by the remaining two cases in the remand order, *Mosely* and *Sweisford,* is that appellant's plea of guilty might have been rendered improvident by a misapprehension concerning the maximum punishment he faced. *See Graves, supra.* The misapprehension flowed from a form of multiplicity not specifically denounced in *Mosely* and *Sweisford,* but it is clear that the parties at trial treated the potential maximum as 25 years when it should have been stated as 15. At the same time, appellant had his favorable agreement which set the real limit at 29 months. On all the facts, we do not believe that appellant's plea was the product of a substantial misapprehension of the maximum sentence he faced. Hence, it was provident.

The Court, having found the approved findings of guilty and the sentence correct in law and fact and, having determined on the basis of the entire record, that they should be approved, such findings of guilty and the sentence are AFFIRMED.

Chief Judge CLAUSEN not participating.