UNITED STATES, Appellee,

v.

Kelvin JONES, Private U. S. Army, Appellant.

No. 33,508.

CM 433498.

U. S. Court of Military Appeals.

Aug. 8, 1977.

Captain Buren R. Shields, III, argued the cause for Appellant, Accused. With him on the brief were Colonel Robert B. Clarke, Colonel Alton H. Harvey, and Lieutenant Colonel John R. Thornock.

Captain Ronald A. Warner argued the cause for Appellee, United States. With him on the brief were Colonel Thomas H. Davis, Major John T. Sherwood, Jr., Major Michael B. Kennett, Captain Richard S. Kleager, and Captain Gregory M. Van Doren.

Opinion of the Court

COOK, Judge:

The appellant was tried by a general court-martial for unpremeditated murder in violation of Article 118, Uniform Code of Military Justice, 10 U.S.C. § 918. Contrary to his plea, he was found guilty of the lesser included offense of involuntary manslaughter in violation of Article 119, UCMJ, 10 U.S.C. § 919. We granted review to determine whether the military judge's instructions adequately covered the issue of self-defense.

Private Cunningham returned to his barracks after having become intoxicated at a company party. A fight ensued between him and the appellant. Two witnesses testified that appellant struck Private Cunningham with his fist and then his feet. However, several persons also present at the time, testifying as defense witnesses, stated that they did not observe the appel-

lant kick Cunningham. They further testified that the fight began when Cunningham attempted to grab the appellant's hat from his head. The appellant also testified in his own defense. He stated that Cunningham struck him in the face as he attempted to remove his hat; he responded by striking Cunningham with his fist. Appellant stated that he was afraid of Cunningham who was much larger than he and his response was defensive. Appellant weighed approximately 150 pounds, and Private Cunningham weighed approximately 200 pounds. Tragically, Cunningham died as a result of the fight.

Although appellant did not fear death or grievous bodily harm, his defense was that he responded to a simple fistic assault with similar force and Cunningham's death was an unintended and unexpected result. This Court has held that one may respond to a simple fistic assault with similar force. As we noted in *United States v. Perry,* 16 U.S.C.M.A. 221, 224, 36 C.M.R. 377, 380 (1966):

> [I]n such a case, the question to be decided is whether, had the victim not died as a result of the encounter, the accused would be amenable to punishment for assault and battery.

*Accord, United States v. Weems,* 3 U.S.C.M.A. 469, 13 C.M.R. 25 (1953).

 The parties are in agreement that an issue of self-defense was raised by the evidence, even if the appellant did not fear death or grievous bodily harm. They disagree, however, as to whether the military judge's instructions adequately covered the issue. The instructions in question contained the following statements:

> First, the surrounding circumstances must have been such that reasonable grounds existed to apprehend that an attack upon himself or death or great bodily harm was about to be inflicted on the accused and the accused must have in fact had such an apprehension. . . .

> Secondly, the accused must have believed that the force he used was necessary for protection against an attack upon himself or death or grievous bodily harm. . . .

You are instructed that any person assaulted may stand his ground and resist force with force. He may not use such force as to become an aggressor, but he is not limited to the exercise of precisely the identical means or degree of force as is asserted against him. He may employ such not inordinate means as he believes on reasonable grounds necessary for protection against the impending harm under the circumstances. . . .

Stressing the implications of the word "attack," the Government submits that the issue was adequately covered in the instructions. We disagree.

The instructions merged the circumstances under which deadly force may be intentionally used with those where such force is not legally appropriate. *See generally United States v. Jackson,* 15 U.S.C.M.A. 603, 36 C.M.R. 101 (1966). They also informed the court members that a person becomes an aggressor when he responds with an excessive amount of force. *See United States v. Campbell,* 14 U.S.C.M.A. 383, 34 C.M.R. 163 (1964). However, they failed to apprise the members that while death may have resulted from the appellant's acts, his response to a simple fistic assault was not excessive if such death was unintended and not a reasonably foreseeable consequence. As the court members found appellant guilty of a lesser included offense which did not involve an intent to kill, if may be fairly inferred they concluded that, while death was not intended by appellant, the force used was excessive merely because death resulted therefrom. On that basis, the court members would have determined guilt without assessing the nature and quality of the force used by appellant. Thus, the instructions were not sufficiently responsive to the issue raised by the evidence.

 Trial defense counsel failed to object to the instructions, but the primary obligation to adequately instruct on a material

issue lies with the military judge. We do not, therefore, regard the failure to object as a waiver of the instructional error. *United States v. Graves,* 23 U.S.C.M.A. 434, 50 C.M.R. 393, 1 M.J. 50 (1975).

The decision of the United States Army Court of Military Review is reversed. A rehearing may be ordered.

Chief Judge FLETCHER and Judge PERRY concur.