**UNITED STATES, Appellee,**

v.

**Jeffery SAWYER, Private, U. S. Marine Corps, Appellant.**

No. 31,997.

NCM 75 2958.

U. S. Court of Military Appeals.

Dec. 12, 1977.

*Lieutenant H. Glenn Scammel,* JAGC, USNR, argued the cause for Appellant, Accused.

*Lieutenant Michael C. Farrow,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel P. N. Kress,* USMC.

Opinion of the Court

PER CURIAM:

The appellant was tried by a special court-martial and convicted as charged of an assault consummated by a battery, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928. He was sentenced to a bad-conduct discharge,[1] confinement at hard labor for 6 months, and forfeiture of $216 pay per month for 6 months. Both the convening authority and the supervisory authority approved the findings and the sentence, as did the United States Navy Court of Military Review. However, a rehearing is necessary because we agree with the appellant's contention that the military judge's instructions on self-defense were prejudicially inadequate.

The evidence adduced at trial reasonably raised the defense of self-defense. The ap-

---

1. The discharge was authorized because of two previous convictions. Section B, paragraph 127c, Manual for Courts-Martial, United States, 1969 (Revised edition).

pellant testified that the victim had pointed a rifle at him from a distance of approximately 5 feet and that he feared for his life. The prosecution witnesses offered testimony which in part corroborated and in part refuted this assertion. The appellant responded to his claimed fear that he would be shot by assaulting the victim using his hands and feet in a purported attempt to wrench the rifle from the victim's grasp. The charge resulting against the appellant was that of *ordinary* assault, *not* aggravated assault.

 Upon conclusion of the presentation of the evidence, the trial judge delivered his instructions to the jury.[2] However, he limited those instructions to addressing instances wherein the person claiming the defense acted in alleged fear of death or grievous bodily harm to himself. While this theory certainly was before the court and was properly instructed upon, it is plausible that the members might have reached a conclusion that the appellant either did not in fact apprehend such a level of danger or that, if he did, it was unreasonable. *See* paragraph 216c, Manual for Courts-Martial, United States, 1969 (Revised edition). In that case, it would be relevant, in light of the fact that the appellant was charged merely with simple assault, whether the members believed from the evidence that there was a "reasonable ground for the apprehension of an injury *less* than death or

grievous bodily harm," [emphasis added] and, if so, whether the appellant simply used such force as he believed necessary to defend against this injury (so long as this force was less than that which could reasonably be thought likely to produce grievous bodily harm or death). Paragraph 216c, Manual, *supra. See United States v. Jones*, 3 M.J. 279 (C.M.A.1977) and *United States v. Perry*, 16 U.S.C.M.A. 221, 36 C.M.R. 377 (1966). It is this aspect of the instruction which was omitted to the appellant's prejudice.

 The decision of the United States Navy Court of Military Review is reversed. The findings and the sentence are set aside. A rehearing may be ordered.[3]

COOK, Judge (concurring in part/dissenting in part):

As error was committed at trial, the Court can properly consider the inordinate delay in the post-conviction proceedings in regard to what disposition should be made of accused's case. The record persuades me that further proceedings are not warranted and the charges should be dismissed. *See United States v. Webb*, 23 U.S.C.M.A. 333, 49 C.M.R. 667 (1975); *United States v. Gray*, 22 U.S.C.M.A. 443, 47 C.M.R. 484 (1973); and *United States v. Timmons*, 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973).

**2.** Prior to rendering his instructions in court, the judge reviewed them with counsel. The Government notes that the defense counsel did not object to the omission of instruction on the alternative theory of self-defense discussed, *infra*. However, it is the independent and paramount duty of the trial judge to insure that all defenses reasonably raised by the evidence receive his treatment during the instructions so that the court members may fulfill their duty in an informed manner. *See United States v. Graves*, 23 U.S.C.M.A. 434, 437, 50 C.M.R. 393, 396, 1 M.J. 50, 53 (1975).

**3.** We also granted review of the appellant's claim that he was denied a speedy review of his court-martial conviction by virtue of the unrea-

sonable (458 days) delay between the conclusion of his court-martial and the action taken by the supervisory authority. However, the appellant cannot claim the *presumption* of such a denial, formulated by this Court in *Dunlap v. Convening Authority*, 23 U.S.C.M.A. 135, 48 C.M.R. 751 (1974), since he was released from post-trial confinement before having served more than 90 days therein. In *non-Dunlap* instances of a claim of inordinate post-trial delay, we have determined that the proper forum for the initial litigation of the issue—both the unreasonableness of the delay and the prejudice flowing therefrom—is at the rehearing ordered. *United States v. Johnson*, 3 M.J. 143, 151 (C.M.A.1977).