**UNITED STATES, Appellee,**

v.

**Sergeant Luis A. ACOSTA–VEGA, SSN 584–64–9421, United States Army, Appellant.**

**CM 436096.**

U. S. Army Court of Military Review.

6 July 1978.

---

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Demmon F. Canner, JAGC, and Captain Michael B. Dinning, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Captain Laurence M. Huffman, JAGC, and Captain David P. Saxon, JAGC, were on the pleadings for appellee.

Before JONES, MITCHELL and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT

JONES, Senior Judge:

The appellant was convicted of the sale, possession, and delivery of cocaine.[1] The three offenses arose out of a single transaction and were considered multiplicious for sentencing purposes. The general court-martial with members sentenced appellant to a bad-conduct discharge, confinement at hard labor for one year, and reduction to Private E–1. The convening authority approved the sentence. We are reviewing the case pursuant to Article 66, Uniform Code of Military Justice.

The appellant asserts the military judge erred by not giving an instruction *sua sponte* on character evidence. The evidence was to the effect that appellant was "defi-

nitely a good NCO—a good person"; that his performance of duty was "superior"; and that he was "outstanding."

There is no dispute that evidence of good character is admissible in a trial and may raise a reasonable doubt as to an accused's guilt. *Edgington v. United States,* 164 U.S. 361, 17 S.Ct. 72, 41 L.Ed. 467 (1896). In military law, admissible evidence of good character includes evidence of appellant's military record and standing. Paragraph 138*f*(2), Manual for Courts-Martial, United States, 1969 (Revised edition);[2] *United States v. Carpenter,* 1 M.J. 384 (C.M.A. 1976); *United States v. Browning,* 1 U.S.C. M.A. 599, 5 C.M.R. 27 (1952); W. Winthrop, Military Law and Precedents, 351 (2d Ed. 1896, 1920 Reprint). Also undisputed is the rule that where the appellant's character has been put in issue and the accused requests an instruction thereon, it is error to refuse to give such an instruction. *United States v. Cooper,* 15 U.S.C.M.A. 322, 35 C.M.R. 294 (1965); *United States v. Browning, supra.* Where the dispute lies, as indicated above, is whether the instruction must be given in the absence of a request.

The appellant contends that the United States Court of Military Appeals, by its opinion in *United States v. Graves,*[3] abolished the theory of passive waiver in the instructional area.[4] We do not believe that *Graves* changed the law to that extent.

*Graves* properly emphasized that the military judge was more than a "mere referee", that he was responsible to insure that an accused received a fair trial. That decision reinforced, rather than altered, the prior law regarding the judge's duty to instruct.

---

1. Charged as violations of a regulation. Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892.

2. "To show the probability of his innocence, the accused may introduce evidence of his own good character, including evidence of his military record and standing . . . ." Paragraph 138*f*(2), Manual for Courts-Martial, United States, 1969 (Revised edition).

3. 1 M.J. 50 (C.M.A.1975).

4. *Graves* involved the failure of a military judge to give an instruction *sua sponte* on the voluntariness of a confession. By failing to give such an instruction the court-martial was permitted to consider the confession without first having to determine that it was voluntary. The Court stated it would not apply a doctrine of waiver against an accused whose counsel did not request an instruction on the voluntariness issue. The Court overruled prior decisions concerning the duty to instruct on the voluntariness issue, to the extent they were inconsistent with that opinion.

That responsibility is discussed at length in *United States v. Flippen*, 16 U.S.C.M.A. 622, 37 C.M.R. 242 (1967), wherein the Court stated:

". . . In determining what instructions a trial court is required to give without request, the rule is usually stated to be that the court has a duty to give instructions on the general principles of law governing the case, even though not requested by the parties, but it need not instruct on specific points developed at the trial unless requested. (citation omitted)." 37 C.M.R. at 245.

As a corollary, *Flippen* further stated that "the absence of a request for special instructions precludes consideration upon appeal."

The *Flippen* decision lists an instruction on character evidence as among the category of special instructions requiring a request. We think such an instruction remains in the special request category and was not changed into a *sua sponte* requirement by *Graves*. A comparison of the earlier decisions relying upon *Graves*, supports the conclusion that the law was not changed to any appreciable extent but merely reemphasized.[5] Accordingly, we conclude that a *sua sponte* instruction on

character evidence was not required in this case.[6]

Even if we accept appellant's contention that *Graves* changed the law regarding an instruction on character evidence, there is no indication that it changed the need to test for prejudice. Thus, assuming this military judge should have given an instruction *sua sponte*, we still must measure the effect of the absence of such an instruction. We find no adverse effect. The members of the court-martial were very discriminating in their findings. Where there was no corroboration of the informant's testimony as to certain offenses, they acquitted the appellant. Where the corroboration as to the other offenses was substantial, they convicted him. We see no reasonable possibility that the instruction on character evidence would have affected this result.

We have considered the other assigned errors but find they require no discussion or corrective action.

The findings of guilty and the sentence are affirmed.

Judge MITCHELL concurs.

DeFORD, Judge, concurring in the result:

The principal issue before the Court in this case is the effect of the trial judge's

---

5. Although the language of cases subsequent to *Graves* speak in broadening terms, the holdings of those subsequent cases merely reaffirm the prior law, using stronger language in denoting the trial judge's responsibility, *e. g.*:

a. Instructions on lesser included offenses. *Compare United States v. Johnson*, 1 M.J. 137 (C.M.A.1975), *with United States v. Wilson*, 7 U.S.C.M.A. 713, 23 C.M.R. 177 (1957).

b. Instructions on self-defense. *Compare United States v. Jones*, 3 M.J. 279 (C.M.A. 1977), *with United States v. Ginn*, 1 U.S.C.M.A. 453, 4 C.M.R. 45 (1952).

c. Error affecting fairness of trial. *Compare United States v. Groce*, 3 M.J. 369 (C.M.A. 1977), *with United States v. Slinger*, 4 U.S.C. M.A. 494, 16 C.M.R. 68 (1954).

d. Admissibility of evidence of fresh complaint. *Compare United States v. Thompson*, 3 M.J. 168 (C.M.A.1977), *with United States v. Bennington*, 12 U.S.C.M.A. 565, 31 C.M.R. 151 (1961).

The subsequent cases which appear to extend *Graves*, do not actually involve the issue of passive waiver, *e. g.*:

a. Instructions on uncharged misconduct. *United States v. Grunden*, 2 M.J. 116 (C.M.A. 1977). No waiver, not even an affirmative one, permitted.

b. Admissibility of evidence in aggravation of sentence. *United States v. Heflin*, 1 M.J. 131 (C.M.A.1975), and *United States v. Morales*, 1 M.J. 87 (C.M.A.1975). These cases involve a non-waivable requirement of the official records exception to the hearsay rule.

6. The Court of Military Appeals in *United States v. Flippen*, 16 U.S.C.M.A. 622, 37 C.M.R. 242 (1967), recognized that "factual differences in individual cases" often required different results. The Court therefore adopted a "plain error" rule wherein a *sua sponte* instruction could be required even though the case was one in which a request for an instruction was normally necessary. *See United States v. Moore*, 15 U.S.C.M.A. 345, 35 C.M.R. 317 (1965); *United States v. Stephens*, 15 U.S.C. M.A. 314, 35 C.M.R. 286 (1965); *United States v. Cooper*, 15 U.S.C.M.A. 322, 35 C.M.R. 294 (1965). We find no special circumstances here for invocation of that exception.

failure to give an instruction based upon evidence of the appellant's military proficiency and general good character which was before the court.

The object of introducing character evidence is to raise in the minds of the finders of fact a reasonable doubt as to guilt.[1] Although good character or reputation of an accused does not constitute a defense to a criminal charge,[2] it is to be considered in connection with all other evidence in determining the general question of guilt or innocence and it is to be given such weight, as under all the facts and circumstances it is entitled in the judgment of the finders of fact.

Evidence of good character including military proficiency is admissible in trials by courts-martial.[3]

As noted in the majority opinion, instructions on character have been classed as special instructions which are not required to be given under the general principles of law governing the case absent a request for such an instruction.[4]

The recent case of *United States v. Graves*, 1 M.J. 50 (C.M.A.1975), cast serious doubt upon the validity of the rules enunciated in *Cooper* and *Flippen*, insofar as the requirement for a request for such instructions is concerned.

As noted in the majority opinion, *Graves* dealt with the requirement of the trial judge to give a *sua sponte* instruction on the voluntariness of a confession. That Court also repudiated the passive waiver doctrine in that case by stating it was restricted to actions of the trial defense counsel which leave appellate tribunals with insufficient factual development of an issue in the record of trial. Those considerations are not present where, as here, the issue is an alleged instructional failure.

The Court in *Graves, supra*, further stated with regard to instructing members of the court:

"Advocacy leaves the proceedings at the juncture of instructing court members. Irrespective of the desires of counsel, the military judge must bear the primary responsibility for assuring that the jury properly is instructed on the elements of the offenses raised by the evidence as well as potential defenses and other questions of law. Simply stated, counsel do not frame issues for the jury; that is the duty of the military judge based upon his evaluation of the testimony related by the witnesses during the trial. To the extent that . . . and our previous decisions are contrary to the views expressed herein, those decisions are overruled and no longer represent the law of this court." *United States v. Graves, supra*, at 53.

The foregoing rule has been applied in a variety of situations in subsequent cases.[5] My reading of *Graves* and the other cited cases leads to the conclusion that the passive waiver doctrine is not applicable where counsel fails to request a particular instruction. If an issue is raised by the evidence before the court, it is the trial judge's responsibility to frame the issue through appropriate instructions for the court mem-

---

1. *Michelson v. United States*, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); *United States v. Quick*, 128 F.2d 832 (CA 3d Cir. 1942).

2. See *Greer v. State*, 159 Ga. 85, 125 S.E. 52; *Dorsey v. State*, 179 Ind. 531, 100 N.E. 369; *Heartsill v. State*, Okl.Cr., 341 P.2d 625.

3. Paragraph 138f(2), Manual for Courts-Martial, United States 1969 (Revised edition); *United States v. Sears*, 20 U.S.C.M.A. 380, 43 C.M.R. 220 (1971); *United States v. Cooper*, 15 U.S.C.M.A. 322, 35 C.M.R. 295 (1965).

4. *United States v. Flippen*, 16 U.S.C.M.A. 622, 37 C.M.R. 242 (1967); *United States v. Cooper, supra*; *United States v. Browning*, 1 U.S.C.M.A. 599, 5 C.M.R. 27 (1952).

5. The following cases support and extend the *Graves* doctrine concerning the trial judges duty to give *sua sponte* instructions: *United States v. Johnson*, 1 M.J. 137 (C.M.A.1975); *United States v. McGee*, 1 M.J. 193 (C.M.A. 1975); *United States v. Hanna*, 2 M.J. 69 (C.M.A.1976); *United States v. Grunden*, 2 M.J. 116 (C.M.A.1977); *United States v. Bryant*, 3 M.J. 9 (C.M.A.1977); *United States v. Jones*, 3 M.J. 279 (C.M.A.1977); *United States v. Green*, 3 M.J. 320 (C.M.A.1977); *United States v. Sawyer*, 4 M.J. 64 (C.M.A.1977).

bers. Accordingly, I view the trial judge failure to give an instruction on appellant's good character and outstanding military proficiency in this case as error.

The error must be tested for prejudice. Here, the trial judge allowed the appellant to place before the court multiple witnesses who testified to the outstanding quality of his prior service and that he was a good man.

Like the majority, I am unable to perceive how the failure to give the standard instruction on good character detracted from the court's perception of the quality and quantum of the appellant's "good char-acter" testimony. They undoubtedly considered that testimony in determining the general question of guilt or innocence and gave it such weight as it was entitled in their judgment. Accordingly, I find no prejudice arising from the error and join the majority in affirming this appellant's conviction.