**UNITED STATES**

v.

**Larry COBB, 317 58 3797, Corporal (E–4), U. S. Marine Corps.**

**NCM 78 0482.**

U. S. Navy Court of Military Review.

Sentence Adjudged 8 Nov. 1977.

Decided 17 May 1979.

LT Vance J. Bettis, JAGC, USNR, Appellate Defense Counsel.

CAPT Craig L. Kemmerer, USMCR, Appellate Government Counsel.

Before DUNBAR, GREGORY and GLADIS, JJ.

GREGORY, Judge:

This case has been referred to this Court pursuant to Article 69, Uniform Code of Military Justice. Contrary to his pleas, appellant was found guilty of one specification of violating a general order, two specifications of assault and battery, two specifications of aggravated assault, and one specification of communicating a threat, in violation of Articles 92, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 928, 934. He was sentenced by the court members to confinement at hard labor for 1 year, forfeiture of $300.00 per month for 12 months, and reduction to pay grade E–1. The convening authority approved the sentence but probationally suspended the confinement in excess of 6 months and the forfeitures in excess of $200.00 per month for 12 months. By a supplementary action on 7 March 1978, the convening authority remitted all unserved confinement at hard labor.

Appellant has assigned the following errors for our consideration:

I

THE MILITARY JUDGE PREJUDICIALLY ERRED IN FAILING TO INSTRUCT ON EVIDENCE OF APPELLANT'S GOOD CHARACTER AND OF HIS CHARACTER FOR PEACEFULNESS AND GOOD ORDER.

II

THE OMISSION FROM THE RECORD OF A VERBATIM TRANSCRIPT OF COMMENTS MADE AND INSTRUCTIONS GIVEN AT A SIDE–BAR CONFERENCE PRECLUDES APPROVAL OF A SENTENCE IN EXCESS OF THAT WHICH COULD BE ADJUDGED BY A NON–BAD CONDUCT DISCHARGE SPECIAL COURT–MARTIAL.

III

THE FINDINGS OF GUILTY AS TO CHARGE I AND ITS SPECIFICATION CANNOT STAND AS THE ORDER ALLEGEDLY VIOLATED WAS NON–PUNITIVE IN NATURE.

We do not concur in the assignments of error, and we affirm.

I

Evidence of appellant's good character and his character for peaceableness and good order was admitted during the defense case-in-chief. Testimony was received that appellant was a "quiet, easygoing individual" (R. 88), and a stipulation was received that appellant had prior service for which he received an honorable discharge, excellent conduct and proficiency marks, a meritorious promotion to lance corporal, and no previous civilian convictions. (R. 111).

Appellant would have been entitled to an instruction on evidence of good character and character for peaceableness and good order, if such an instruction had been requested. *United States v. Cooper,* 15 U.S. C.M.A. 322, 35 C.M.R. 294 (1965); *United States v. Gagnon,* 5 U.S.C.M.A. 619, 18

C.M.R. 243 (1955). An instruction of this nature was not requested, however, and appellant's counsel concurred in the military judge's decision not to give the instruction. (R. 113, 117).[1] Despite this acquiescence at trial, appellant correctly notes before this Court that the duty to properly instruct the members belongs not to appellant and his counsel but to the presiding judge. *See United States v. Graves,* 1 M.J. 50, 53 (C.M.A.1975); *United States v. Grunden,* 2 M.J. 116 (C.M.A.1977); *United States v. Sawyer,* 4 M.J. 64, 65 n. 2 (C.M.A.1977). In fact, the trial judge has the duty to give instructions on matters fairly raised by the evidence in some circumstances even when it is the expressed desire of counsel that no instruction be given. *See United States v. Grunden, supra; United States v. Johnson,* 1 M.J. 137 (C.M.A.1975). *Cf. Lakeside v. Oregon,* 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978). The military judge in this case recognized this fact. (R. 117).

▮ Instructions concerning good character previously have been considered to be "special instructions" which are not required to be given absent a request for such an instruction. *See United States v. Cooper, supra; United States v. Flippen,* 16 U.S.C.M.A. 622, 37 C.M.R. 242 (1967); *United States v. Browning,* 1 U.S.C.M.A. 599, 5 C.M.R. 27 (1952). The more recent cases, however, cast serious doubt on the validity of this rule, insofar as a request for such instructions is concerned. Our reading of *Graves* and the other cases cited above leads to the conclusion that the actions at trial in this case by appellant and his counsel did not constitute a waiver of any error in the failure to instruct. If the issue was fairly raised, and we believe that it was, it was the trial judge's responsibility to frame the issue through appropriate instructions for the court members. For this reason, we

view the failure to instruct on appellant's good character and character for peaceableness and good order as error.

The error in the failure to instruct, however, must be tested for prejudice. We have carefully examined the evidence in this case and have found no fair risk of prejudice. The character evidence was not particularly strong; on the other hand, the evidence of appellant's guilt is almost compelling. Each finding of guilty is supported by the testimony of the victim of the offense and impartial eyewitness observers. This testimony far outweighs the evidence of appellant's good character. We see no reasonable possibility that an instruction on character evidence would have affected the findings of the court members. For this reason, we find no prejudice to the substantial rights of appellant in the military judge's failure to instruct as to such evidence.

## II

During trial counsel's argument on findings, the military judge interrupted and called a side-bar conference. The record of trial does not contain the verbatim remarks of the judge, counsel, or the accused at this conference; rather, the following comment, apparently inserted by the reporter and the judge, appears:

> At this point in the record of trial, the military judge held a conference with all counsels [sic] and the accused and cautioned trial counsel about indirect reference to accused's failure to testify. (R. 132).

▮ Contrary to appellant's contention, we do not find the record of trial to have lost its verbatim quality, necessitating reduction of the sentence to that which could

---

1. Although trial counsel at trial mentioned the possibility of his calling an adverse witness concerning appellant's character (R. 113), the record of trial does not establish that appellant concurred in the military judge's decision not to instruct on character evidence as part of defense strategy to gain a tactical advantage. *Cf. United States v. Johnson,* 1 M.J. 137 (C.M.A.1975); *United States v. Sikorski,* 21 U.S.C.

M.A. 345, 45 C.M.R. 119 (1972); *United States v. Schafer,* 13 U.S.C.M.A. 83, 32 C.M.R. 83 (1962); *United States v. Jones,* 7 U.S.C.M.A. 623, 23 C.M.R. 87 (1957). Our resolution of this assignment of error would be different if we believed the defense decision not to request an instruction was designed to gain an advantage for the defense.

have been adjudged by a non-bad-conduct discharge special court-martial. "Insubstantial omissions from a record of trial do not affect its characterization as a verbatim transcript." *United States v. Boxdale,* 22 U.S.C.M.A. 414, 415, 47 C.M.R. 351, 352 (1973). Not every bench conference between trial judge and counsel need be recorded. *United States v. Richardson,* 21 U.S.C.M.A. 383, 45 C.M.R. 157 (1972). However, a bench conference "involving a ruling by the judge affecting rights of the accused must be fully recorded if the transcript is to be verbatim." *United States v. Sturdivant,* 1 M.J. 256, 257 (C.M.A.1976).

In this case, the substance and sense of the side-bar conference is readily ascertainable. There was no ruling made by the military judge, and the substantial rights of the accused were in no manner affected by the judge's warning to trial counsel. To the contrary, had the judge failed to convey the warning, appellant's right to remain silent could well have been affected adversely.

Under these circumstances, we find that the failure to transcribe the proceedings of the side-bar conference was not a substantial omission from the record of trial. *Cf. United States v. Martin,* 5 M.J. 657 (N.C.M. R.1978); *United States v. Fabrega-Freer,* No. 78 0315 (N.C.M.R. 19 June 1978).

### III

In the specification under Charge I, appellant was charged with violating Camp Lejeune Base Order 5500.1C of 30 May 1974, which in pertinent part indicates that "at no time will firearms and weapons be retained in wall lockers or with personal effects." Appellant was found guilty of having a shotgun in his personal effects.

Appellant argues that the base order is nonpunitive in nature and that his guilt of this offense cannot stand. We do not agree. The language of the order is mandatory, and does not provide mere guidelines for later implementation by subordinate commanders. Our reading of the order demonstrates that it was intended to regulate conduct of individuals and that

direct application of sanctions for its violation is self-evident.

A previous attack on the punitive nature of Base Order 5500.1C was found to be without merit in *United States v. Sines,* No. 76 1360 (N.C.M.R. 20 August 1976). We concur with the rationale of Chief Judge Cedarburg in that decision.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge DUNBAR and Judge GLADIS concur.