**UNITED STATES**

v.

**Airman First Class Leonard B. HENLEY, FR 587–98–1654, United States Air Force.**

**ACM S24832.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 16 Aug. 1979.

Decided 10 July 1980.

ment at hard labor for six months, forfeiture of $279.00 per month for six months, and reduction to airman basic.

The Government's evidence concerning the offense of wrongful transfer of PCP disclosed that an Air Force Office of Special Investigation (OSI) undercover agent, while observed by other OSI agents, went to the accused's barracks room at approximately 1300 hours on 7 April 1979 and received PCP from the accused. The undercover agent, after conferring with other OSI agents and field testing the substance,[1] returned to the accused's room at about 1420 hours and completed the transaction. The accused denied any participation in the PCP offense and presented evidence raising the affirmative defense of alibi. The accused claimed he was with other fellow airmen at the time of the alleged transfer and produced photographs said to have been taken during that time. He was supported in this alibi by three witnesses who testified they were with the accused at various other locations on base during this time.

The evidence pertaining to the assault offense established that on 18 May 1979, the accused was stopped during a routine gate inspection of automobiles. During this inspection, a security policeman found what he suspected to be marijuana seeds on the rear floorboard of the accused's car.[2] After picking up the seeds in his hand and asking the accused to accompany him to the gate shack, the security policeman was slapped on the hand by the accused, causing him to drop the seeds onto the ground. The accused contended that before the seeds were scattered, he had inquired of the policeman what he had in his hand. When he received no reply, he merely tapped the policeman's hand to get his attention.

Appellate defense counsel assert several errors. Those we discuss include: the military judge's improper limitation of the cross-examination of a Government wit-

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Major Wade B. Morrison.

Appellate Counsel for the United States: Colonel James P. Porter, Major Robert T. Mounts and Captain W. Alan Woodford, USAFR.

Before EARLY, POWELL and MAHONEY, Appellate Military Judges.

### DECISION

POWELL, Judge:

Contrary to his pleas, the accused was convicted by special court-martial with members of wrongful transfer of phencyclidine (PCP) and assault upon a security policeman who was in the performance of his duty, violations of Articles 92 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 928. The approved sentence includes a bad conduct discharge, confine-

1. Although tested twice, a positive result was not obtained by the agents. This fact is the basis for a defense claim that an instruction on attempt was required. That assertion is discussed later in this decision.

2. The accused was acquitted of a charge of possession of marijuana arising out of this incident.

ness; his failure to instruct on the lesser offense of attempt in connection with the PCP offense; his failure to instruct on exceptions to the regulation under which the wrongful transfer of PCP was charged as a violation; and, in connection with the assault offense, the military judge's failure to instruct on a material issue. We resolve these and the remaining errors assigned by the defense adversely to the accused and affirm.[3]

I

The defense contends that the military judge erred by improperly limiting the cross-examination of a Government witness. During an Article 39(a), 10 U.S.C. § 839(a) session, the defense objected to the admissibility of a quantity of PCP which was offered as a portion of that transferred between the accused and the OSI undercover agent. The basis of the objection was that, after the sample was sent to the Arkansas State Crime Laboratory, it was received by an evidence technician who then gave it to the chemist who actually analyzed it. Although the chemist testified as to the chain of custody, the technician who initially received the sample did not.[4] During cross-examination of the chemist, the defense counsel attempted to go into the absence of this testimony before the court members. The military judge sustained the trial counsel's objection. This ruling effectively denied the defense the opportunity to present the question of a switch or misidentification of the PCP during the time the technician had possession and thus to attack the weight to be given this evidence by the fact finders.

█ The question of whether a substance is in substantially the same condition as when the offense was committed, and thus admissible, is properly determined by the military judge. *United States v. Yarborough*, 50 C.M.R. 149 (A.C.M.R.1975), cit-

ing *Gallego v. United States*, 276 F.2d 914 (9th Cir. 1960). This determination is not, however, based upon a finding beyond reasonable doubt so as to be incontestable as to the accused's guilt at trial. The court in *Gallego* stated: "The jury, of course, is free to disregard [admitted] evidence upon its finding that the article was not properly identified, or that there has been a change in its nature." 276 F.2d at 917. Similarly, members may find that a confession, though admissible, was not voluntary, and disregard it. Manual for Courts-Martial, 1969 (Rev.) paragraph 140a. The finding of admissibility also demands a lesser showing by the Government, requiring only that a standard of reasonable probability be met. *Yarborough, supra.* This standard is insufficient to warrant removal of that issue from the fact finders' consideration. *Cf. United States v. Graves*, 1 M.J. 50 (C.M.A. 1977).

█ In the instant case, the military judge's restriction of defense counsel from relitigating the chain of custody before the court members was error, as it prevented the accused from contesting part of the Government's case. The error is harmless, however, and does not mandate reversal.

The principal theory of defense was alibi, not a denial that the substance was PCP. Although the defense characterized this as a missing link in the chain, it is obvious that they were only pursuing an avenue of inquiry of minor importance to support a substitution or misidentification theory. In addition, the missing individual's testimony was not a proper focus of concern. The chemist testified that she received the sample still sealed in the box in which it was mailed. There is no contention that the postal clerks or mailmen must be called simply because they handled the package, and by the same reasoning, it was not necessary to produce the evidence technician

---

3. The appellate Government counsel's motions for leave to file documents were unopposed by appellate defense counsel and are granted.

4. The defense does not now contest the military judge's ruling which correctly admitted the exhibit.

who merely handed the package over to the chemist.[5]

## II

■ The assigned error concerning the military judge's failure to instruct on the lesser offense of attempted wrongful transfer of PCP lacks merit. Since the two field tests did not produce a negative reading, but only failed to register a positive presence of PCP, there was no evidence presented to show that the subject of the transfer was not PCP. This, coupled with the reliance upon the defense of alibi, convinces us that an instruction on attempt was not required.

## III

■ The accused next contends that the military judge erred by failing to instruct on the exceptions to Air Force Regulation 30–2, Social Actions Program, 8 November 1976, as related to the transfer offense. Appellate defense counsel rely on *United States v. Verdi*, 5 M.J. 330 (C.M.A.1978), as setting forth a rule that all exceptions within a regulation must be established by proof and instructed on as elements of the offense. This reading of *Verdi* is overbroad. In that case, the defense presented some evidence that the accused's conduct came within the exception. There the military judge erred by failing to instruct as to the Government's burden of proving that the accused was not within the exception. In the instant case, the Government offered proof which convinces us beyond a reasonable doubt that the accused did not come within an exception. The defense not only presented *no* evidence that the accused was within an exception, but at one point offered to stipulate that the accused did not come within an exception. In order to invoke the *Verdi* guidelines, the accused must go forward with some evidence to raise the possible applicability of the exception. *United States v. Brinkley*, 7 M.J. 588 (N.C. M.R.1979).

## IV

Appellate defense counsel claim that the military judge erred by failing to instruct the jury that, if the accused's testimony concerning his touching of the security policeman for the purpose of getting his attention were true, no assault had been committed.

■ When an affirmative defense is reasonably raised by the evidence before the members, the military judge has the duty to instruct them as to that defense even in the absence of a request. *United States v. Sawyer*, 4 M.J. 64 (C.M.A.1977); *United States v. Jones*, 3 M.J. 279 (C.M.A.1977); *United States v. Graves, supra.*

■ Although touching another for the innocent purpose of gaining his attention does not constitute the offense of assault, *Manual, supra*, paragraph 207a, a bare assertion that this is the case does not sufficiently rise to the level of an affirmative defense requiring a special instruction. Rather, it is a denial of an element of the offense; that is, that the touching is unlawful; or simply evidence generally negating guilt. The military judge instructed the court members that the touching must be unlawful, without legal justification or excuse, and without the lawful consent of the victim. The instructions given required the members to reject the accused's version in order to convict him. Further instructions as to specific contentions, while commendable, were not required under the facts of this case.

The findings of guilty and the sentence are correct in law and fact and are

AFFIRMED.

EARLY, Chief Judge, and MAHONEY, Judge, concur.

---

5. Even though cross-examination of the chemist concerning her handling of the exhibit was curtailed by the judge's ruling, the defense was later able to explore this matter before the members in sufficient fullness to render the error harmless as to the chemist's testimony as well.